[Crim. Nos. 2778, 2779. First Dist., Div. Two. Mar. 21, 1952.]

THE PEOPLE, Respondent, v. LLOYD RACKLEY, Appellant.

(Two Cases.)

Masterson, Bernheim & Sugarman and Calfee, Gregg, Moses & Calfee for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant was charged in separate informations with a violation of section 288 of the Penal Code in relation to two girls both aged 6 years. By stipulation the two charges were consolidated for trial before the same court and jury. Verdicts of guilty were returned in both causes. The appeals are from both judgments and from the orders denying the motions for a new trial.

Briefly the facts are that defendant operated a small candy store and ice cream parlor in the neighborhood where the two girls lived. The store contained a refrigerator near which the candy was arranged on shelves. The defendant sat on a chair near the refrigerator and permitted the girls to go behind it and select their candy from these shelves. While they were reaching for the candy he placed his hand under their dresses and inserted a finger into their private parts. This had happened on many occasions with both girls. The evidence was sufficient to sustain the verdict in both cases and this the defendant concedes.

Two questions are stated in support of the appeal. The first relates to the so-called character witnesses. One of these testified on direct examination that defendant's reputation was "excellent." On cross-examination she said she had heard reports about his molesting little children. The trial court interrupted the examination to explain what is meant by reputation for morality. She stated that she had never heard it discussed but added that the people in the neighborhood "think he is fine," and that "the people I have talked with feel as though the man is innocent." This testimony was

all allowed to stand and the defendant could have asked for nothing more favorable.

The witness was palpably confused in her testimony and the remarks of the court were designed to clear some of the confusion. These remarks were certainly not prejudicial to the defendant because it was through the trial judge's insistence, and that alone, that the defendant was able to get to the jury the fact that the witness had discussed his reputation. Appellant's argument here is not that the trial judge erred in this respect, but that his remarks tended to confuse the jury. We entertain just the opposite view.

Another character witness testified that he did not know what "morality" was. Another, when asked her opinion as to defendant's character, testified that she had "never known anything about him, only that he is a good man." The defendant contends that the "cross-examination" of these witnesses by the trial judge was confusing. It appears that the direct examination of both witnesses was designed to confuse the jury and that the statements of the trial judge were for the purpose of making the matter more clear. However it must be noted that the defendant made no objection to the question or statements of the trial judge at any stage of these proceedings, and made no request that the jury be instructed to disregard them. For that reason he cannot assert error on this appeal. The rule is stated in *People* v. *Bishop,* 134 Cal. 682, 685 [66 P. 976], where the defendant, for the first time on appeal, complained of the action of the trial court (among other things) "for cross-examining a character witness, whom the prosecution had not cross-examined, in a manner calculated to convey to the jury the impression that the court was not satisfied with the answers of witness . . ." (p. 685). The Supreme Court noted that no objection and no motion to strike had been made and said: (p. 686) "It is now too late to raise a question as to the matters complained of. If the court asks an improper question, or otherwise commits some supposed infraction of the defendant's rights, it is the duty of counsel then and there to make known his objection and reserve his exception. We cannot otherwise notice alleged errors of the court committed on its own motion, any more than can we notice errors in rulings on the conduct of the case by the people's attorney."

The second point raised by defendant is without merit. During the examination of prospective jurors three asked to be excused because of deep prejudice against the offense

charged. During the examination of the next juror called, the court explained the difference between prejudice against the offense and prejudice against the defendant. The juror was plainly told that they were seeking jurors who could set aside their prejudice against the offense and who could give the defendant a fair and impartial trial notwithstanding their feeling as to the offense charged. If the defendant had requested a ruling such as that now criticized he could not have fared better.

The judgments and orders are affirmed.

Goodell, J., and Jones, J. pro tem., concurred.

A petition for a rehearing was denied April 5, 1952.